MEW/BEF          Firm No. 65951          311-3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD LESHER ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | Case No. 23-v-4779 |
| ) | |
| INTERNATIONAL PAPER COMPANY, ) | |
| a Corporation, ) | |
| ) | Hon. Martha M. Pacold |
| ) | |
| Defendant(s) ) | |

**DEFENDANT INTERNATIONAL PAPER COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

Now comes the Defendant, INTERNATIONAL PAPER COMPANY, a Corporation, by and through its attorneys, AIRDO WERWAS, LLC and for its answer to Plaintiff's Complaint hereby answers as follows:

1. That on or about November 29, 2021, and for all times relevant hereto, the Defendant owned, operated, managed, and/or controlled or had a duty to operate, manage, and/or control, a certain cardboard and/or paper manufacturing and/or shipping business known as INTERNATIONAL PAPER COMPANY located at or about 401 Northwest Ave., in the Village of Northlake, County of Cook and State of Illinois.

**ANSWER: Defendant admits that it is the owner of a business known as International Paper Company located at or about 401 Northwest Ave., in the Village of Northlake, County of Cook and State of Illinois. Defendant objects to the remaining allegations in Paragraph 1 of Plaintiff's Complaint at Law as legal conclusions. In order to not waive any rights Defendant has with respect to the remaining allegations in Paragraph 1, Defendant denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.**

2. That at all relevant times hereto, the Defendant, by and through its employees and/or

agents, bundled certain cardboard products and placed them into a shipping trailer to be delivered to various customers.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and, therefore, neither admits nor denies those allegations but instead demands strict proof thereof.**

3. At all relevant times hereto, the Defendant had a duty to exercise ordinary care in the operation, management, and control of said business and to load its product onto a trailer in a safe and proper manner so that it did not cause an unsafe condition for individuals, including Plaintiff, delivering said cardboard products.

**ANSWER: Defendant objects to the allegations contained in Paragraph 3 of Plaintiff's Complaint as compound in nature. In order not to waive any rights Defendant has with respect to pleading said allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits only those duties which may be imposed on it by case law and/or statute and denies that the duties are as stated in Paragraph 3 of Plaintiff's Complaint.**

4. That at the aforementioned time and place and prior thereto, the Defendant, through its employees and/or agents, carelessly and negligently caused and permitted said cardboard bundles to be stacked in an unsecured dangerous manner in a trailer for transport.

**ANSWER: Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.**

5. That on the aforesaid date, the Plaintiff, a delivery driver employed by FAB Express, was driving the trailer containing said bundles of cardboard product to Defendant's customer, and when he opened the trailer, one of the unsecured bundles shifted and fell onto Plaintiff, causing him injury.

**ANSWER: Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.**

6. That the Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

 (a) Improperly operated, managed, and/or controlled the aforesaid cardboard bundle when loading the trailer, so that as a direct and proximate result thereof, the Plaintiff was injured;

 (b) Improperly inspected, if at all, the aforesaid cardboard bundle upon placement of said load into the trailer, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

 (c) Failed to warn the Plaintiff of the dangerous condition of said cardboard bundle, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

 (d) Improperly and unsafely loaded the cardboard bundle into to the trailer without using adequate safeguards on the trailer, including, but not limited to, load straps, to prevent the cardboard bundle from shifting and falling on Plaintiff while delivering said load; and/or

 (e) Allowed and permitted the cardboard bundle to be unsafely loaded into the trailer thereby causing a dangerous condition and then failing to order corrective action to remedy said unsafe condition.

**ANSWER: Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.**

7. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant the Plaintiff then and there sustained severe and/or permanent injuries, both externally and internally, and was, and will likely be hindered and prevented from attending to usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER: Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.**

WHEREFORE, the Defendant, International Paper Company, a Corporation, hereby prays that this Honorable Court find for the Defendant, and denies that the Plaintiff, Donald Lesher, is

entitled to judgment against it in any amount whatsoever, and prays for the dismissal of the Plaintiff's Complaint with prejudice and with costs, expenses, attorney's fees awarded to the Defendant, and for any other relief that this Court deems appropriate.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, INTERNATIONAL PAPER COMPANY, by and through its attorneys, AIRDO WERWAS, LLC, and for its First Affirmative Defense to Plaintiff's Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE – SOLE PROXIMATE CAUSE

1. The Plaintiff's acts or omissions on the date and time of the subject occurrence were the sole proximate cause of the injuries and damages claimed by the Plaintiff. Therefore, Defendant is entitled to the entry of judgment in his favor and against the Plaintiff.

WHEREFORE, the Defendant, INTERNATIONAL PAPER COMPANY, prays that any recovery by the Plaintiff, DONALD LESHER, be reduced by the percentage of negligence attributable to DONALD LESHER.

### SECOND AFFIRMATIVE DEFENSE – COMPARATIVE NEGLIGENCE

NOW COMES the Defendant, INTERNATIONAL PAPER COMPANY, by and through its attorneys, AIRDO WERWAS, LLC, and for its Second Affirmative Defense to Plaintiff's Complaint, states as follows:

1. That in the event it is determined that the negligence or fault attributable to DONALD LESHER is greater than fifty percent (50%) of the proximate cause of the injuries for which recovery is sought, then Plaintiff is barred from any recovery of pecuniary damages as provided under the law.

2. At the date, time and place alleged in the Complaint, the plaintiff breached his duty

of reasonable care by the following negligent acts of omissions:

    (a) Failing to properly and safely operate and/or control the trailer so as to avoid any injury; and

    (b) Failing to properly open the trailer door with caution.

WHEREFORE, the Defendant, INTERNATIONAL PAPER COMPANY, prays that in the event the negligence or fault attributable to DONALD LESHER is determined to be greater than fifty percent (50%) of the proximate cause of the injuries for which recovery is sought, that the Plaintiff, DONALD LESHER, be barred from any recovery of pecuniary damages as provided under the law.

**THIRD AFFIRMATIVE DEFENSE – WILLFUL AND WANTON MISCONDUCT**

NOW COMES the Defendant, INTERNATIONAL PAPER COMPANY, by and through its attorneys, AIRDO WERWAS, LLC, and for its Third Affirmative Defense to Plaintiff's Complaint, states as follows:

1. That at the times and places alleged in the Plaintiff's Complaint, it was the duty of DONALD LESHER to refrain from willful and wanton misconduct that would endanger himself or others and property in the area where he was operating the trailer.

2. That at the times and places alleged in Plaintiff's Complaint, DONALD LESHER, failed to exercise reasonable care and follow reasonable advice and/or instructions and was then and there guilty of one or more of the following acts or omissions:

    a. Failed to operate the trailer with caution when driving so as to avoid any shifting of the trailer contents;

    b. Failed to adhere to safe driving policies;

      c. Failed to properly and safely open the trailer door with caution so as to avoid any possible injury; and

      d. Otherwise failed to mitigate his damages.

3. That as a direct and proximate result of the foregoing acts or omissions, DONALD LESHER, allegedly sustained injuries.

4. That as a consequence of the foregoing, any recovery by the Plaintiff, DONALD LESHER, shall be reduced by the amount of damages attributable to DONALD LESHER's failure to mitigate his damages.

WHEREFORE, the Defendant, INTERNATIONAL PAPER COMPANY, prays that any recovery by the Plaintiff, DONALD LESHER, be reduced to the extent any claimed damages were caused by DONALD LESHER'S failure to mitigate his damages.

      Respectfully Submitted,

      By: */s/ Mollie E. Werwas*
          Mollie E. Werwas
          *One of the Attorneys for the Defendant*

Mollie E. Werwas #6290352
Bridget E. Finn #6344184
Airdo Werwas, LLC
Firm No. 65951
111 East Wacker Drive
Suite 500
Chicago, IL 60601-4205
312/506-4450 Phone
312/506-4460 Fax
mwerwas@airdowerwas.com
bfinn@airdowerwas.com