**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DONALD LESHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-04779 |
| | ) | |
| INTERNATIONAL PAPER COMPANY, a Corporation, | ) | Hon. Martha M. Pacold |
| | ) | |
| Defendant. | ) | |
| INTERNATIONAL PAPER COMPANY, a Corporation, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FAB Express, Inc., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**INTERNATIONAL PAPER COMPANY'S THIRD-PARTY
COMPLAINT AGAINST FAB EXPRESS, INC.**

NOW COMES Defendant/Third-Party Plaintiff, INTERNATIONAL PAPER COMPANY, by and through its attorneys, AIRDO WERWAS, LLC, and for its Third-Party Complaint against Third-Party Defendant, FAB EXPRESS, INC., states the following:

**JURISDICTION AND VENUE**

1. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because International Paper Company's claim against FAB Express, Inc. shares a common nucleus of operative facts with Plaintiff's claim against International Paper Company over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a).

2. This Court has personal jurisdiction over FAB Express, Inc. and venue is proper in

1

this District pursuant to 28 U.S.C. § 93(a)(1) because the Eastern Division of the Northern District of Illinois is the federal judicial district embracing the Circuit Court of Cook County, Illinois, where the underlying lawsuit was originally filed.

## THE PARTIES

3. International Paper Company (hereinafter "International Paper") is a New York corporation authorized to conduct business in Illinois with its principal place of business located at 6400 Poplar Avenue in Memphis, Tennessee 38197.

4. FAB Express, Inc. (hereinafter "FAB") is an Illinois corporation with its principal place of business located at 11225 Joliet Road in Lemont, Illinois 60439.

## PROCEDURAL BACKGROUND

5. On June 8, 2023, Plaintiff Donald Lesher filed a Complaint at Law ("Complaint") in the Circuit Court of Cook County, Illinois, against International Paper alleging it negligently caused him injuries on November 29, 2021, while he was working as a truck driver to deliver certain bundles of cardboard product to International Paper's customer. A true and correct copy of Plaintiff's Complaint is attached as Exhibit A and is incorporated into this Third-Party Complaint by this reference.

6. On July 24, 2023, International Paper filed a Notice of Removal in the United States District Court for the Northern District of Illinois, Eastern Division. *See* Def's Notice of Removal, ECF No. 2.

7. Shortly thereafter, on July 31, 2023, International Paper filed its Answer and Affirmative Defenses to Plaintiff's Complaint denying all material allegations. A true and correct copy of Defendant/Third-Party Plaintiff's Answer and Affirmative Defenses is attached as Exhibit B and is incorporated into this Third-Party Complaint by this reference.

8. Plaintiff alleges that on November 29, 2021, he was employed by FAB as a delivery driver and was working to deliver certain bundles of cardboard product to International Paper's customer.

9. Plaintiff alleges that on November 29, 2021, he was in the course and scope of his work for FAB when he opened the trailer and a certain unsecured bundle of cardboard product fell onto Plaintiff, causing him injuries.

10. Plaintiff alleges the November 29, 2021, accident was proximately caused by the negligence of International Paper, and that International Paper is liable to Plaintiff for his alleged damages.

11. International Paper denies all allegations of negligence, denies that its allegedly negligent acts were a proximate cause of Plaintiff's alleged injuries, and denies that it is liable to Plaintiff for his alleged damages.

## THE CONTRACT

12. On March 10, 2021, International Paper and FAB entered into a contract wherein FAB agreed to provide carrier transportation services to International Paper for the shipping of International Paper products (the "Contract"). A true and correct copy of the Contract is attached as Exhibit C and is incorporated into this Third-Party Complaint by this reference.

13. The Contract between International Paper and FAB constitutes a valid and enforceable contract.

14. Under the Contract, FAB agreed to "provide a safe work environment and assume[d] sole responsibility for the safety of its Agents, and the means and methods employed by its Employees in performing the services contemplated [in the Contract]." Ex. C at 4, § 3(J).

15. Section (3)(P) of the Contract contains an Indemnification Provision, which states:

3

> Indemnification. [FAB] shall indemnify, defend and hold harmless [International Paper] from and against all liability, loss, damages, claims, suits or expenses, including reasonable attorney fees by reason of an injury (including death) or claim of injury to person or damage to property or delay arising out of or in connection with the performance of Services by [FAB] or its Agents. [FAB]'s indemnity obligation hereunder shall be reduced to the extent that such injury to persons or damage to property results from the active negligence of [International Paper].

*Id.* at 6, § 3(P).

## **COUNT I – CONTRIBUTION**

16. International Paper re-alleges Paragraphs 1 through 15 as though fully stated herein and incorporated by this reference.

17. At the time and place of the accident, FAB employed Plaintiff and he was acting in the course and scope of his employment.

18. At all relevant times, FAB, individually and through its employees and agents, was responsible for providing Plaintiff with a safe place to work, coordinating his work, designating his work methods, and maintaining and checking the progress of his work.

19. At all relevant times, FAB had a legal duty to exercise reasonable care in its control, management, and direction of the work done by its employees to prevent injury to those engaged in the type of delivery work Plaintiff was performing at the time of the accident.

20. FAB breached its duty by committing one or more of the following negligent acts and/or omissions:

   a. Failed to properly train Plaintiff on how to safely open trailers containing shifted and/or unsecured products;

   b. Failed to provide Plaintiff with proper safety and protective equipment when it knew or should have known Plaintiff had to open trailers containing shifted and/or unsecured products;

   c. Failed to adequately develop and/or implement safety policies that

4

       ensured the safety of Plaintiff while he was working to deliver trailers containing shifted and/or unsecured products;

   d. Failed to make a reasonable inspection of the premises and trailers to ensure they were safe for Plaintiff's work;

   e. Failed to properly supervise, manage, direct and control the work being done by its employees that was necessary to prevent injury to Plaintiff; and

   f. Failed to warn or give notice to Plaintiff of the allegedly dangerous bundles of cardboard product that allegedly caused his injuries.

21. Plaintiff's injuries, if any, were proximately caused by FAB's negligence.

22. At all relevant times, the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 *et seq.*, was in effect, which gives International Paper the right to contribution from FAB.

WHEREFORE, Defendant/Third-Party Plaintiff INTERNATIONAL PAPER COMPANY prays for contribution from Third-Party Defendant FAB EXPRESS, INC. in the amount International Paper pays in excess of its *pro rata* share of the common liability, and for costs.

## **COUNT II – EXPRESS INDEMNIFICATION**

23. Pleading in the alternative and without prejudice to Count I, International Paper re-alleges Paragraphs 1 through 15 as though fully stated herein and incorporated by this reference.

24. If International Paper is found liable to Plaintiff and is forced to pay a judgment for damages to Plaintiff, then International Paper is contractually entitled to indemnification from FAB, including recovery of attorneys' fees and costs incurred in defending this action, in an amount commensurate with FAB's attributable degree of fault determined by the trier of fact.

WHEREFORE, Defendant/Third-Party Plaintiff INTERNATIONAL PAPER COMPANY prays that judgment be entered in its favor and against Third-Party Defendant FAB EXPRESS, INC. in an amount commensurate with FAB's attributable degree of fault that will indemnify International Paper against any and all judgments, settlements, attorneys' fees, costs and expenses

incurred, or to be incurred, by International Paper arising from or in any way connected to the defense of this lawsuit and the payment of any sums in settlement or to satisfy any judgment entered against International Paper.

## **DEMAND FOR JURY TRIAL**

Defendant/Third-Party Plaintiff hereby demands a trial by jury to the extent the allegations contained herein are triable by jury under Federal Rules of Civil Procedure 38 and 39.

Dated: February 7, 2024        Respectfully submitted,

By: */s/ Mollie E. Werwas*
Mollie E. Werwas (#6290352)
mwerwas@airdowerwas.com
Laura A. Michenfelder (#6342416)
lmichenfelder@airdowerwas.com
AIRDO WERWAS, LLC
111 East Wacker Dr., Suite 500
Chicago, IL 60601
Phone: (312) 506-4450
Fax: (312) 506-4460

*Attorneys for Defendant/Third-Party Plaintiff, International Paper Company*